**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND; MIDWEST PENSION PLAN; and PLASTIC WORKERS UNION LOCAL NO. 18, AFL-CIO | ) ) ) ) CASE NO.: 20-cv-1894 |
| Plaintiffs, | ) ) JUDGE: ) |
| vs. | ) MAGISTRATE JUDGE: ) |
| APOLLO PLASTICS CORPORATION, an Illinois Corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, the CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND ("WELFARE FUND"), the MIDWEST PENSION PLAN ("PENSION PLAN"), and the PLASTIC WORKERS UNION, LOCAL NO. 18, AFL-CIO ("LOCAL 18"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant APOLLO PLASTICS CORPORATION ("APOLLO") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the WELFARE FUND and PENSION PLAN are administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions

giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND and the PENSION PLAN (hereinafter collectively referred to as "FUNDS") receive contributions from numerous employers pursuant to Collective Bargaining Agreements with LOCAL 18 and Chemical and Production Workers Union Local No. 30, locals of the International Union of Allied Novelty & Production Workers, and AFL-CIO, and therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The FUNDS are administered pursuant to the terms and provisions of Agreements and Declaration of Trust (the "Trust Agreements").

5. LOCAL 18 is an unincorporated voluntary association with its principal place of business located at 245 Fencl Lane, Hillside, Illinois, 60162. LOCAL 18 is a labor organization as defined under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).

6. LOCAL 18 is the bargaining representative of Defendant APOLLO's bargaining-unit employees.

7. Defendant APOLLO is an Illinois corporation with its principal place of business located at 5333 N. Elston in Chicago, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. APOLLO is an employer engaged in an industry affecting commerce.

10. For the period of June 1, 2013, through May 31, 2016, and again for the period of June 1, 2016, through May 31, 2019, APOLLO entered into consecutive collective bargaining

agreements (the "2013 CBA" and the "2016 CBA") with LOCAL 18, regarding APOLLO's production and maintenance employees. (A copy of the 2013 CBA is attached hereto as **Exhibit 1**); (A copy of the 2016 CBA is attached hereto as **Exhibit 2**).

11. Article II of the both the 2013 CBA and 2016 CBA pertained to "all production and maintenance employees of [APOLLO], now employed and hereinafter employed, excluding Foremen, Foreladies, Office and Clerical employees, Supervisory, Administrative, Professional, employees excluded by law, and employees belonging to other Unions that have collective bargaining contracts with [APOLLO]. [LOCAL 18] agrees to accept into its membership each and all of the present and future employees of [APOLLO] who come under the jurisdiction of this Agreement."

12. Through the 2013 CBA and 2016 CBA, Defendant APOLLO became bound by the provisions of the FUNDS' respective Trust Agreements.

13. Pursuant to provisions of the 2013 CBA, 2016 CBA, and Trust Agreements, Defendant APOLLO is required to make monthly reports of hours worked by covered employees and remit contributions on behalf of their bargaining-unit employees to the FUNDS.

14. Pursuant to the provisions of the 2013 CBA and 2016 CBA, Defendant APOLLO is also required to make monthly reports of hours worked by covered bargaining-unit employees and deduct union dues and initiation fees from its covered employees' wages, which are to be paid to LOCAL 18.

15. The monthly reports, contributions, union dues and initiation fees required be paid as set forth in paragraphs 13 and 14 above during all times relevant were due on or before the 10th day of the month following the month in which the hours were worked.

16. Pursuant to Section 502(g)(2) of ERISA, the 2013 CBA, 2016 CBA, and the Trust

Agreements, employers who fail to remit their monthly contribution reports and contributions to the on a timely basis are responsible for the payment of liquidated damages to the WELFARE FUND and PENSION PLAN equal to ten percent (10%) of the amount of unpaid contributions, plus any reasonable attorney's fees and costs of maintaining suit.

17. Pursuant to the 2013 CBA and 2016 CBA, employers who fail to remit payment of contributions to the FUNDS, as well as union dues and initiation fees to LOCAL 18 on a timely basis, are responsible for the payment of liquidated damages equal to one and one-half percent (1.5%) of the amount of unpaid union dues and initiation fees for each month that the union dues and initiation fees remain outstanding.

18. On January 18, 2018, Bansley and Kiener, L.L.P. (hereinafter "the Auditors"), Plaintiffs' auditors, conducted a payroll compliance audit of APOLLO for the period of January 1, 2014, through December 31, 2017, pursuant to the 2013 CBA, 2016 CBA, and the Trust Agreements.

19. On April 4, 2018, the Auditors issued their preliminary findings of the payroll compliance audit, which showed deficiencies to the FUNDS and LOCAL 18 totaling $2,660,351.00, itemized as follows:

| **DEFICIENCY BY YEAR** | | | | | |
|---|---|---|---|---|---|
| Benefit | 2014 | 2015 | 2016 | 2017 | Total |
| Welfare Fund | $417,054.00 | $548,207.00 | $636,141.00 | $637100.00 | $2,238,502.00 |
| Pension Plan | $51,822.00 | $81,979.00 | $88,342.00 | $86,251.00 | $308,394.00 |
| Dues | $20,181.00 | $24,591.00 | $30,141.00 | $26,592.00 | $101,505.00 |
| Initiation Fees | $6,250.00 | $1,300.00 | $1,900.00 | $2,500.00 | $11,950.00 |
| **Totals** | **$495,307.00** | **$656,077.00** | **$756,524.00** | **$752,443.00** | **$2,660,351.00** |

20. APOLLO has failed to remit the delinquent contributions revealed by the audit to the WELFARE FUND, PENSION PLAN, or LOCAL 18.

21. As a result of the failure to timely remit the contributions revealed by the audit, APOLLO owes liquidated damages to the FUNDS and LOCAL 18 as set forth in paragraphs 16 and 17.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant APOLLO is obligated to pay the audit costs incurred by the Plaintiffs pursuant to the terms of the 2013 CBA and 2016 CBA.

24. Defendant APOLLO is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter Judgment in favor of Plaintiffs and against Defendant APOLLO in the aggregate amount of $2,660,351.00 for delinquent contributions to the FUNDS, as well as dues and initiation fees owed to LOCAL 18;

B. That Judgment be entered in favor of Plaintiffs and against Defendant APOLLO for liquidated damages in an unknown amount;

C. That Judgment be entered in favor of the Plaintiffs and against Defendant APOLLO for audit fees of $12,025.00;

D. That Judgment be entered in favor of Plaintiffs and against Defendant APOLLO for any other contributions, union dues, initiation fees, liquidated damages, interest or audit fees that are found to be due and owing in addition to the amounts referenced in paragraph B

and C above;

E.    That Defendant APOLLO be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2013 CBA, 2016 CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

        Respectfully submitted,

        **CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND** *et al.*

By:    /s/ Jeffrey A. Krol  ARDC# 6300262
        One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com

March 20, 2020